**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GAEDEKE HOLDINGS VII. LTD., AND<br>GAEDEKE OIL & GAS<br>OPERATING, LLC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>DAVID MILLS, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-11-649-M<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is the Motion to Intervene of Catalina Oil Properties Corporation ("Catalina"), filed April 25, 2013. On May 16, 2013, plaintiffs filed their response, and on May 28, 2013, Catalina filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

In or around January 2007, Gaedeke Holding VII, Ltd. and Gaedeke Oil and Gas Operating, LLC ("plaintiffs") acquired an oil and natural gas prospect in northwest Oklahoma. Plaintiffs contend as part of this process a confidential and proprietary study was assembled. Plaintiffs contend the study entitled: *The SW Flank of the Wichita Uplift: The Story Behind a Developing Play* ("the copyrighted work") was and is highly proprietary, confidential, and subject to copyright and trade secret protection. Plaintiffs originally filed this action on June 8, 2011 naming as defendants, Steve Thrower, Landon Speed, Jim Ashford, Baker Petroleum and Investments, Inc., Todd Baker and (6-10) John Doe(s). On June 27, 2011, plaintiffs' amended complaint was filed adding David Mills as a defendant. On July 21, 2011, defendants Landon Speed, Jim Ashford, Baker Petroleum

and Investments, Inc. and Todd Baker filed a Third Party Complaint against Steven D. Thrower. On November 4, 2011, plaintiffs' third amended complaint was filed substituting in the true defendants, Mayhem Oil and Gas, Inc., Windsor Energy Group, LLC and Everest Operations Management, LLC for three "John Doe" defendants as well as six additional claims.

Plaintiffs bring this action alleging defendants David Mills, Steve Thrower, Landon Speed, Jim Ashford, Baker Petroleum and Investments, Inc., Todd Baker, Mayhem Oil and Gas, Inc., Windsor Energy Group, LLC and Everest Operations Management, LLC ("defendants") unlawfully disseminated its confidential information or a copy of a marketing brochure. Plaintiffs contend after misappropriating the brochure, defendants used plaintiffs' confidential and proprietary information and wrongfully began leasing mineral interests in plaintiffs' AMI and the Gaedeke Prospect. Plaintiffs contend defendants removed their copyright and name from the brochure, packaged certain properties together and offered the same for sale using its brochure. Plaintiffs contend they sustained damages as a result of defendants' actions and that they are entitled to certain equitable relief. This case is currently set on the Court's August, 2013 trial docket.

Catalina Oil Properties Corporation ("Catalina") now contends it should be allowed to intervene in the instant lawsuit because it is now, and has always been, the registered owner of the copyrighted work. Catalina contends a partnership existed between Catalina and plaintiffs and that pursuant to the terms of a 2007 partnership agreement, any profits earned from the use of the copyrighted work were to be divided equally between plaintiffs and Catalina. Catalina also contends plaintiffs concealed the filing of this lawsuit and that other litigation involving the copyrighted work had been settled prior to December 2010 for significant amounts of money that was received by plaintiffs.

Plaintiffs contend Catalina is not entitled to intervene because it has no interest in the outcome of this litigation against these defendants. Plaintiffs contend any possible interest resulting from a March 2007 letter agreement between plaintiffs and Catalina was released pursuant to a December 2010 Termination Agreement and the receipt of over one million dollars by Catalina. Plaintiffs also contend because Catalina's current damage claim is neither actual nor imminent, Catalina lacks Article III standing.

II.   Discussion

   A.   Intervention of Right

Pursuant to Federal Rule of Civil Procedure 24(a):

>    (a)   **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>
>        (1)   is given an unconditional right to intervene by a federal statute; or
>
>        (2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Utah Ass'n Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir. 2001). "[T]he factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation. Those factors are not rigid, technical requirements." *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007). Thus, "[i]ntervention should be granted of right if the interest favoring intervention outweigh those opposed." *Id.*

### 1.     Timeliness

"The timeliness of a motion to intervene is assessed in the light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n*, 255 F.3d at 1250 (internal quotations and citation omitted).  However, "[w]hen the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).

In the case at bar, the Court finds Catalina has not timely filed its motion to intervene. It remains undisputed that plaintiff and Catalina entered into an agreement to jointly develop the copyrighted work on or about March 12, 2007.  It also remains uncontested that approximately three years later, on December 20, 2010, Catalina executed a release relative to this agreement after being paid $1 million-plus. While Seven M. Ellsworth, the sole owner of Catalina, states in his affidavit attached to Catalina's motion that he did not become aware of this lawsuit until he was subpoenaed for his January 8, 2013 deposition in this case, he also states he knew about large sums of money being paid to plaintiff prior to December 20, 2010.  *See* Steven M. Ellsworth's Affidavit attached to Catalina's Reply, docket no. 132, Exhibit 1, pgs. 1-2.

Therefore, because Catalina has admitted to knowing about the additional monies paid to plaintiff prior to December 20, 2010 and knowing about this lawsuit since January, 2013, the Court finds that Catalina has not satisfied the timeliness requirement set forth under Rule 24(a).

### 2.     Interest

A party seeking to intervene as a matter of right must show that "it has an interest in the

proceedings which is 'direct, substantial, and legally protectable.'" *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F. 3d 1038, 1042 (10th Cir. 1996) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 93 F.3d 88, 90 (10th Cir. 1993)). "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *San Juan Cnty.*, 503 F.3d at 1195 (internal quotations and citation omitted).

Here, the Court finds that Catalina is not a concerned party in this matter as this matter involves the alleged theft and misuse of the copyrighted work by third parties/defendants while Catalina's claims involve the alleged breach by plaintiff of a 2007 letter agreement to share in the profits of the copyrighted work.

Therefore, the Court finds that Catalina has not satisfied the interest requirement set forth in Rule 24(a).

### 3. Impairment of Protected Interest

Regarding the impairment of interest element under Rule 24(a), the Tenth Circuit has opined that:

> the Rule refers to impairment as a practical matter. Thus, the court is not limited to consequences of a strictly legal nature. To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.

*Utah Ass'n*, 255 F.3d at 1253 (internal quotations and citation omitted). Here, the Court finds that Catalina has failed to demonstrate the impairment of a substantial legal interest is possible if intervention is denied. Specifically, Catalina's interest in this litigation is contingent 's interest is insufficient to warrant intervention because "[t]he mere existence of a [prospective intervenor]'s

contingent interest in the outcome of pending litigation is insufficient to warrant intervention. *In re Kaiser Steel Corp.,* 998 F.3d 783, 791 (10th Cir. 1993).

Therefore, the Court finds that Catalina has not satisfied the impairment of interest requirement set forth in Rule 24(a)(2).

        4.        Inadequate Representation

"Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation may be inadequate. The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Utah Ass'n*, 255 F.3d at 1253 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that Catalina has not established the possibility that its interest and plaintiffs' interest may diverge. Specifically, as stated above, Catalina's only interest in this lawsuit is based upon plaintiffs prevailing in this lawsuit. Therefore, Catalina has failed to meet its burden of showing inadequate representation.

Accordingly, the Court finds that Catalina has failed to satisfy the inadequate representation requirement as set forth under Rule 24(a)(2). Based upon the discussion above, the Court finds that Catalina has not satisfied the requirements for intervention as of right.

    B.    Permissive Intervention

Catalina also moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Federal Rule of Civil Procedure 24(b) provides, in pertinent part:

> **(b)**    **Permissive Intervention.**
>
>     **(1)**    *In General.*   On timely motion, the court may permit anyone to intervene who:

>> (A) is given a conditional right to intervene by a federal statute; or
>>
>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>>
>> \* \* \* \*
>>
>> **(3)** ***Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Having carefully reviewed the parties' submissions, the Court finds that, in equity and good conscience, Catalina should not be allowed to intervene. As set forth above, the Court finds Catalina's motion, filed two years after the filing of this case and four months before the commencement of trial, is not timely. Further, the Court finds to allow Catalina's intervention would unduly delay and prejudice the original parties. Specifically, during the course of this litigation, the parties have engaged in a substantial amount of discovery, and the Court has issued a scheduling order placing this case on its August, 2013 trial docket. The Court further finds that Catalina has other adequate remedies available.

Therefore, the Court finds that Catalina has not satisfied the requirements for permissive intervention as set forth under Rule 24(b).

III.	Conclusion

For the reasons set forth above, the Court DENIES the Motion to Intervene of Catalina Oil Properties Corporation [docket no. 114].

**IT IS SO ORDERED this 10th day of June, 2013.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE