IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII. LTD., AND )
GAEDEKE OIL & GAS )
OPERATING, LLC., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　)
vs. ) Case No. CIV-11-649-M
　　　　　　　　　　　　　　　　　　　　)
DAVID MILLS, et al., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

## ORDER

Before the Court is Defendant David Mills' Motion for Summary Judgment, filed June 3, 2013. On June 24, 2013, plaintiffs filed their response, and on July 1, 2013, defendant Mills filed his reply. This case is currently set on the Court's September, 2013 trial docket.

Pursuant to Local Civil Rule 56.1(b),

> [t]he brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

Upon careful review of defendant Mills' summary judgment brief, the Court finds that defendant Mills' brief does not comply with Local Civil Rule 56.1(b). Specifically, defendant Mills has not referred to any portion of the record upon which he relies to support the facts supporting his summary judgment brief. Rather, defendant Mills relies on his personal affidavit attached to his summary judgment brief and his rendition of excerpts from a deposition. While defendant Mills in his reply refers to an internal e-mail and a supplemental personal affidavit, the majority of the thirteen facts he submits in support of his motion for summary judgment rely on his personal

affidavits and not the record as required by Local Rule 56.1(b).

Accordingly, the Court STRIKES Defendant David Mills' Motion for Summary Judgment [docket no. 137].

**IT IS SO ORDERED this 12th day of July, 2013.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE