# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII, LTD, et al.,  )
                                    )
          Plaintiffs,               )
                                    )
vs.                                 )   Case No. CIV-11-649-M
                                    )
DAVID MILLS, et al.,                )
                                    )
          Defendants.               )

## ORDER

Before the Court are defendants Landon Speed ("Speed") and Jim Ashford's ("Ashford") Renewed Motion for Judgment as a Matter of Law, defendants Todd Baker ("Baker") and Baker Petroleum and Investments, Inc.'s ("BPI") Renewed Motion for Judgment as a Matter of Law, defendant David Mills' ("Mills") Motion for Judgment as a Matter of Law, and defendant Mayhem Oil & Gas, Inc.'s ("Mayhem") Motion for Judgment Notwithstanding the Jury Verdicts, all filed October 18, 2013. On November 8, 2013, plaintiffs filed their consolidated response, and on November 15, 2013, defendants filed their replies. Based upon the parties' submissions, the Court makes its determination.

## I.     Introduction

This case was tried to a jury from September 10, 2013 through September 20, 2013. After deliberation, the jury returned a verdict in favor of plaintiffs and against defendants Speed, Ashford, BPI, Baker, and Mayhem on plaintiffs' unjust enrichment/constructive trust claim, in favor of defendants and against plaintiffs on plaintiffs' tortious interference claim, in favor of plaintiffs and against defendants Mills, Speed, Ashford, BPI, Baker, and Mayhem on plaintiffs' misappropriation of trade secrets claim, conversion claim, and civil conspiracy claim, in favor of defendant Windsor Energy Group, LLC and against plaintiffs on plaintiffs' misappropriation of trade secrets claim and

conversion claim, in favor of plaintiffs and against defendants Speed, BPI, and Baker on plaintiffs' reverse passing off Lanham Act violation claim, and in favor of defendant Mayhem and against plaintiffs on plaintiffs' reverse passing off Lanham Act violation claim. Defendants Speed, Ashford, Baker, BPI, Mills, and Mayhem ("Moving Defendants") now move for renewed judgment as a matter of law on plaintiffs' claims for unjust enrichment/constructive trust, misappropriation of trade secrets, conversion, civil conspiracy, and reverse passing off.

II.  Applicable Standard for Judgment as a Matter of Law

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations omitted), overruled on other grounds by *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). In considering a motion for judgment as a matter of law, the court should construe the evidence and inferences most favorably to the non-moving party. *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 976 (10th Cir. 1996).

III.  Discussion

A.  Real party in interest

Moving Defendants assert that the Court should enter judgment in their favor because plaintiffs lack standing. Specifically, Moving Defendants contend that plaintiffs are not the real party in interest. Moving Defendants assert that the evidence at trial established that at no time did

2

either plaintiff individually own the sales brochure at issue or the claims arising from the alleged improper use of it. Additionally, Moving Defendants assert that the brochure is the property of a partnership and that the law requires partnerships to sue on their own behalf or for partners to establish facts that the action is brought in the name of, and on behalf of, the partnership. Plaintiffs, however, brought this action on behalf of themselves and not the AMI partnership or any partnership, and Moving Defendants contend plaintiffs, therefore, cannot properly bring the claims asserted in this action.

Federal Rule of Civil Procedure 17(a) provides, in pertinent part: "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest principle requires that an action be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, the Court finds plaintiffs are the real parties in interest and can properly bring the claims asserted in this action. Specifically, the Court finds that there is a legally sufficient evidentiary basis for finding that both plaintiffs owned the sales brochure at issue and the claims arising from the alleged improper use of it. Further, the Court finds that there is a legally sufficient evidentiary basis for finding that the AMI parties were not carrying on a business jointly but were separate legal entities with interests in the HBBS Prospect and, thus, were not a "partnership." Accordingly, the Court finds that Moving Defendants are not entitled to judgment on this basis.

B. Unjust enrichment/constructive trust claim

Moving Defendants assert that this Court should not allow a separate, equitable judgment for unjust enrichment/constructive trust. In their response, plaintiffs assert that their unjust enrichment claim is properly viewed as part of the statutory damages recoverable under the Oklahoma Uniform Trade Secrets Act ("OUTSA") rather than as a stand-alone claim. However, throughout the trial and in the Court's instructions to the jury, the unjust enrichment/constructive trust claim was treated as a separate, stand-alone claim.

Generally, where a plaintiff has an adequate remedy at law, a court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment. *See Hydro Turf, Inc. v. Int'l Fid. Ins. Co.*, 91 P.3d 667, 673 (Okla. Civ. App. 2004); *Robertson v. Maney*, 166 P.2d 106, 108 (Okla. 1946). Because the jury found in favor of plaintiffs on their misappropriation of trade secrets claim, the Court finds that plaintiffs have been afforded an adequate remedy at law and, thus, may not recover on their alternative unjust enrichment/constructive trust claim against Moving Defendants. Accordingly, the Court finds that Moving Defendants should be granted judgment as a matter of law on plaintiffs' unjust enrichment/constructive trust claim.[1]

C. Displacement of conspiracy and conversion claims by the OUTSA

Moving Defendants assert that plaintiffs' claims for conspiracy and conversion are displaced by the OUTSA. Plaintiffs contend that Moving Defendants have waived this assertion. Specifically,

---

[1] The Court would note that even if the Court did not grant judgment as a matter of law on plaintiffs' unjust enrichment/constructive trust claim based upon plaintiffs having an adequate remedy at law, judgment as a matter of law would still be warranted because plaintiffs' unjust enrichment/constructive trust claim would be displaced by the OUTSA for the reasons set forth in section III(C) set forth below.

4

plaintiffs assert that preemption is an affirmative defense that is waived if not timely asserted and that this argument was not properly raised during the Rule 50(a) arguments.

Having carefully reviewed the parties' submissions, the Court finds that Moving Defendants have not waived their argument that plaintiffs' conspiracy and conversion claims are displaced by the OUTSA. First, the Court finds that the displacement provision of the OUTSA is not equivalent to preemption, particularly federal preemption,[2] and is not an affirmative defense that is waived if it is not timely asserted. Second, the Court finds that Moving Defendants' argument regarding displacement was properly raised during the Rule 50(a) arguments. Prior to the submission of the case to the jury, Moving Defendants supplemented their Rule 50(a) arguments to include the assertion that all of plaintiffs' tort claims are displaced by the OUTSA. *See* Trial Transcript at p. 916, lns 19-22. Further, the Court finds that plaintiffs were not prejudiced by the timing of Moving Defendants' supplementation because whether plaintiffs' tort claims are displaced is a legal issue that does not depend upon the sufficiency of the evidence.

The OUTSA provides, in pertinent part:

> A. Except as provided for in subsection B of this section, the Uniform Trade Secrets Act displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
> B. The Uniform Trade Secrets Act does not affect:
> 1. contractual remedies, whether or not based upon misappropriation of a trade secret; or
> 2. other civil remedies that are not based upon misappropriation of a trade secret; or
> 3. criminal remedies, whether or not based upon misappropriation of a trade secret.

---

[2]All of the cases relied upon by plaintiffs are federal preemption cases.

5

Okla. Stat. tit. 78, § 92. Courts, both state and federal, in the states which have adopted the Uniform Trade Secrets Act, have held that the Uniform Trade Secrets Act bars common law claims, including conspiracy and conversion, that are based entirely on factual allegations of misappropriation of trade secrets. *See Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775, 780-81 (N.D. Cal. 2013) (finding conversion claim based upon alleged misappropriation of trade secrets displaced by California Trade Secrets Act); *CTI Servs. LLC v. Haremza*, 797 F. Supp. 2d 1257, 1261-62 (N.D. Okla. 2011) (finding conversion/conspiracy claim based upon alleged misappropriation of trade secrets displaced by OUTSA); *Ultimate Timing, L.L.C. v. Simms*, 715 F. Supp. 2d 1195, 1208 (W.D. Wash. 2010) (finding conversion claim based upon alleged misappropriation of trade secrets displaced by Washington's Uniform Trade Secrets Act); *Thermodyn Corp. v. 3M Co.*, 593 F. Supp. 2d 972, 988-990 (N.D. Ohio 2008) (finding conversion and conspiracy claims based upon alleged misappropriation of trade secrets displaced by Ohio's Uniform Trade Secrets Act); *Hauck Manuf. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 660-61 (E.D. Tenn. 2004) (finding conversion and conspiracy claims based upon alleged misappropriation of trade secrets displaced by Tennessee's version of Uniform Trade Secrets Act); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 973, 975 (N.D. Ill. 2000) (finding conversion and conspiracy claims based upon alleged misappropriation of trade secrets displaced by Illinois Trade Secrets Act).

Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, the Court finds plaintiffs' conspiracy and conversion claims are based

upon the alleged misappropriation of trade secrets.[3] The factual basis for plaintiffs' conspiracy claim is that Moving Defendants unlawfully conspired to steal purported trade secrets and use them to gain a commercial advantage to plaintiffs' detriment, and the factual basis for plaintiffs' conversion claim is the alleged taking of the brochure by the Moving Defendants – the same facts relied upon as the basis for plaintiffs' misappropriation of trade secrets claim. Because plaintiffs' conspiracy and conversion claims are based upon Moving Defendants' alleged misappropriation of trade secrets, the Court finds that these claims are displaced by the OUTSA. Accordingly, the Court finds that Moving Defendants are entitled to judgment as a matter of law as to plaintiffs' conspiracy and conversion claims.

D.  Misappropriation of trade secrets claim

Moving Defendants contend that there was insufficient evidence to support the jury's verdict on plaintiffs' misappropriation of trade secrets claim and that they are entitled to judgment as a matter of law as to plaintiffs' misappropriation of trade secrets claim.

"To prove misappropriation of a trade secret, [a plaintiff] must show (i) the existence of a trade secret, (ii) misappropriation of the secret by defendants, and (iii) use of the secret to [the plaintiff's] detriment." *MTG Guarnieri Mfg., Inc. v. Clouatre*, 239 P.3d 202, 209 (Okla. Civ. App. 2010). Moving Defendants contend that the evidence was insufficient to support the jury's finding of a "trade secret," plaintiffs failed, as a matter of law, to sufficiently identify their trade secrets, the evidence was insufficient to prove misappropriation by improper means, there is no evidence of

---

[3]Plaintiffs do not dispute that their conspiracy and conversion claims are based upon the alleged misappropriation of trade secrets.

damages caused by the alleged trade secret misappropriation, and the evidence was insufficient as a matter of law to support a finding of willful and malicious misappropriation of a trade secret.

Viewing the evidence and inferences in the light most favorable to plaintiffs, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding in favor of plaintiffs on their misappropriation of trade secrets claim against Moving Defendants. Specifically, the Court finds that there is a legally sufficient evidentiary basis for finding the existence of a trade secret, that Moving Defendants misappropriated the trade secrets by improper means, and that plaintiffs suffered damages as a result of the misappropriation of the trade secrets. Additionally, the Court finds that plaintiffs sufficiently identified their trade secrets. The Court, further, finds that there is a legally sufficient evidentiary basis for finding willful and malicious misappropriation of a trade secret. Accordingly, the Court finds that judgment as a matter of law should not be granted in favor of Moving Defendants on plaintiffs' misappropriation of trade secrets claim.

### E. Reverse passing off claim

Defendants Speed, Baker, and BPI move for judgment as a matter of law as to plaintiffs' reverse passing off claim. Defendants Speed, Baker, and BPI assert that as a matter of law, plaintiffs' reverse passing off claim cannot stand in light of the United States Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).[4] Defendants Speed, Baker, and BPI contend that the Lanham Act protects tangible goods or wares and plaintiffs'

---

[4] Plaintiffs assert that this contention is waived because it was not properly raised during the Rule 50(a) arguments. Having reviewed the parties' submissions, the Court finds that defendants Speed, Baker, and BPI's contention regarding the *Dastar* case was properly raised during the Rule 50(a) arguments. Prior to the submission of the case to the jury, defendants Speed, Baker, and BPI supplemented their Rule 50(a) arguments to include the contention that plaintiffs' reverse passing off claim cannot stand in light of the Supreme Court's decision in *Dastar*. *See* Trial Transcript at p. 916, lns 17-19.

brochure is not a tangible good or ware, that the Lanham Act protects the "origin" of the tangible product and plaintiffs are not the "origin" of the brochure given by Baker to others, and that there was a complete absence of evidence at trial that any "false designation of origin" was likely to cause consumer confusion.

Section 43(a) of the Lanham Act creates a federal remedy for a plaintiff against

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause a mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities of another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . . .

15 U.S.C. § 1125(a). Section 43(a) encompasses both "passing off," where a producer misrepresents his goods or services as those of someone else, and "reverse" passing (or palming) off, where a person "misrepresents someone else's goods or services as his own." *Dastar*, 539 U.S. at 27 n.1.

> In order to recover on a Lanham Act claim for "reverse palming off," a plaintiff must prove:
> (1) that the work at issue originated with the plaintiff;
> (2) that origin of the work was falsely designated by the defendant;
> (3) that the false designation of origin was likely to cause consumer confusion; and
> (4) that the plaintiff was harmed by the defendant's false designation of origin.

*Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*, 457 F.3d 1269, 1277 (Fed. Cir. 2006).

In *Dastar*, the Supreme Court found that "the most natural understanding of the 'origin' of 'goods' – the source of wares – is the producer of the tangible product sold in the marketplace, . . . ." *Dastar*, 539 U.S. at 31. The Supreme Court further held:

> In sum, reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. . . . To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.

*Id.* at 37 (internal citation omitted).

Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, the Court finds there is a legally sufficient evidentiary basis for a finding that the brochure at issue is a tangible good and that plaintiffs are the "origin" of the brochure. The Court further finds that there is a legally sufficient evidentiary basis for finding that any "false designation of origin" was likely to cause consumer confusion. Accordingly, the Court finds that defendants Speed, Baker, and BPI are not entitled to judgment as a matter of law as to plaintiffs' reverse passing off claim.

### F. Alleged jury instruction errors

In his motion for judgment as a matter of law, defendant Mills sets forth a number of alleged errors with the jury instructions. Allegations of jury instruction errors are not the proper subject of a motion for judgment as a matter of law. Claims of jury instruction error should be raised through a request for a new trial. As defendant Mills has not filed a motion for a new trial, the Court declines to address his allegations of jury instruction errors.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants Speed and Ashford's Renewed Motion for Judgment as a Matter of Law [docket no. 474], defendants Baker and BPI's Renewed Motion for Judgment as a Matter of Law [docket no. 475], defendant Mills' Motion for Judgment as a Matter of Law [docket no. 477], and defendant Mayhem's Motion for Judgment Notwithstanding the Jury Verdicts [docket no. 479] as follows:

(A) The Court GRANTS the motions as to plaintiffs' unjust enrichment/constructive trust claim, conversion claim, and civil conspiracy claim, and

(B) The Court DENIES the motions as to the issue of whether plaintiffs are the real parties in interest and plaintiffs' misappropriation of trade secrets claim and reverse passing off claim.

**IT IS SO ORDERED this 30th day of January, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE