# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-11-649-M ) |
| DAVID MILLS, et al., | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion for Exemplary Damages and Entry of Final Judgment, filed October 4, 2013. On October 18, 2013, defendants Landon Speed ("Speed"), Jim Ashford ("Ashford"), Todd Baker ("Baker"), Baker Petroleum and Investments, Inc. ("BPI"), David Mills ("Mills"), and Mayhem Oil & Gas, Inc. ("Mayhem") filed their responses, and on October 25, 2013, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

## I.  Introduction

This case was tried to a jury from September 10, 2013 through September 20, 2013. After deliberation, the jury returned a verdict in favor of plaintiffs and against defendants Speed, Ashford, BPI, Baker, and Mayhem on plaintiffs' unjust enrichment/constructive trust claim, in favor of defendants and against plaintiffs on plaintiffs' tortious interference claim, in favor of plaintiffs and against defendants Mills, Speed, Ashford, BPI, Baker, and Mayhem on plaintiffs' misappropriation of trade secrets claim, conversion claim, and civil conspiracy claim, in favor of defendant Windsor Energy Group, LLC and against plaintiffs on plaintiffs' misappropriation of trade secrets claim and conversion claim, in favor of plaintiffs and against defendants Speed, BPI, and Baker on plaintiffs' reverse passing off Lanham Act violation claim, and in favor of defendant Mayhem and against plaintiffs on plaintiffs' reverse passing off Lanham Act violation claim. The jury found the dollar

amount of damages sustained by plaintiffs as to their claim for unjust enrichment/constructive trust was $3,400,000, the dollar amount of damages sustained by plaintiffs as to their claim for misappropriation of trade secrets was $1,000,000, the dollar amount of damages sustained by plaintiffs as to their claim for conversion was $1,000,000, the dollar amount of damages sustained by plaintiffs as to their claim for civil conspiracy was $1,500,000, and the dollar amount of damages sustained by plaintiffs as to their claim for reverse passing off in violation of the Lanham Act was $1,000,000. Additionally, the jury found that defendants Mills, Speed, BPI, Baker, and Mayhem acted with reckless disregard of the rights of others and/or acted intentionally and with malice towards others and willfully and maliciously misappropriated a trade secret. Finally, the jury declined to award any punitive damages to plaintiffs in relation to their conversion claim.

In a separate order issued this same date, the Court has granted in part and denied in part defendants Speed, Ashford, Baker, BPI, Mills, and Mayhem's renewed motions for judgment as a matter of law. Specifically, the Court found that defendants Speed, Ashford, Baker, BPI, Mills, and Mayhem are entitled to judgment as a matter of law as to plaintiffs' unjust enrichment/constructive trust claim, conversion claim, and civil conspiracy claim.

II. Discussion

In their motion, plaintiffs request that the Court enter a total judgment of $13,200,000. This amount includes $1,000,000 in "actual loss" awarded by the jury for the misappropriation of plaintiffs' trade secrets, $3,400,000 in unjust enrichment damages as determined by the jury, and $8,800,000 in exemplary damages in light of the jury's finding of willful and malicious

misappropriation of trade secrets.[1] Specifically, plaintiffs contend the Court should enter judgment, jointly and severally, against each of the defendants up to the following amounts: (1) $3,000,000 against defendant Mills, (2) $13,200,000 against defendant Speed, (3) $4,400,000 against defendant Ashford, (4) $13,200,000 against defendant Baker, (5) $13,200,000 against defendant BPI, and (6) $13,200,000 against defendant Mayhem. Finally, plaintiffs request this Court to award costs and reasonable attorneys' fees permitted by statute.

### A. Damages for misappropriation of trade secrets

Regarding damages, the OUTSA provides, in pertinent part: "[d]amages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Okla. Stat. tit. 78, §88 (A). Plaintiffs assert that the jury found each of the defendants, with the exception of defendant Mills, liable for $3,400,000 in unjust enrichment resulting from their unlawful misappropriation and the jury further determined that plaintiffs sustained $1,000,000 in actual damages as a result of defendants' trade secret misappropriation. Plaintiffs contend that the unjust enrichment and actual loss damages awarded by the jury are neither duplicative nor overlapping and that the unjust enrichment damages should be treated as part of the judgment for trade secret misappropriation. Plaintiffs further contend that in light of the Court's instruction to the jury not to duplicate awards for the same wrong under

---

[1] In their motion, plaintiffs state: "[b]ecause the damages attributed to Defendants' acts of conversion, conspiracy, and Lanham Act violations are seemingly coextensive with the damages awarded by the jury and recoverable under the Oklahoma Uniform Trade Secrets Act ("OUTSA"), 78 Okla. Stat. § 85 *et. seq.*, and since the evidence at trial focused on trade secret misappropriation, the [requested amount] is an appropriate touchstone for determining the amount of damages for final judgment. This approach eliminates the risk of multiple recoveries for the same injury and honors the jury's findings as to the damages owed to Plaintiffs." Plaintiffs' Motion for Exemplary Damages and Entry of Final Judgment and Brief in Support [docket no. 466] at 3-4.

different counts, it naturally follows that the jury did not repeat the unjust enrichment amount under the misappropriation count.

Defendants assert that the amount of the judgment for misappropriation must be limited to the damage amount determined by the jury. Defendants contend that plaintiffs' suggestion of increasing the amount awarded by the jury on the misappropriation claim by adding to that amount the $3,400,000 determined by the jury in their advisory verdict on the equitable claim of unjust enrichment/constructive trust is based on a faulty legal presumption and would result in an improper additur. Additionally, defendants contend that whether the $1,000,000 includes only actual damages, or both actual damages and unjust enrichment damages, cannot be answered without presuming the jury's intention. Defendants further assert that because the claims for misappropriation of trade secrets and the separate claim for unjust enrichment/constructive trust had separate instructions, with different definitions of "unjust enrichment" for purposes of those claims, this Court must assume that the jury followed those instructions and calculated damages for misappropriation in accordance with those instructions. Finally, defendants assert that contrary to plaintiffs' suggestion, the jury was not instructed that if damages were included under one theory of recovery then those same damages had to be excluded in determining damages under any other theory; if that were the case, plaintiffs would not concede, as they do and must, that the damages calculated under the misappropriation of trade secrets claim, the conversion claim, the Lanham Act claim, and the conspiracy claim represent the same damages and are duplicative.

Having carefully reviewed the parties' submissions, the Court's jury instructions, and the verdict form, the Court finds that plaintiffs are only entitled to $1,000,000 in damages for their misappropriation of trade secrets claim. As is clear upon a review of the Court's jury instructions

4

and the verdict form, plaintiffs' misappropriation of trade secrets claim and plaintiffs' unjust enrichment/constructive trust claim were submitted to the jury as separate and distinct claims. Additionally, each claim had a separate damages instruction. Those instructions provide:

> INSTRUCTION NO. 19
> **MISAPPROPRIATION OF TRADE SECRETS – DAMAGES**
> If you find for plaintiffs on their claim of misappropriation of trade secrets, you must then fix the amount of their damages. Damages for misappropriation of trade secrets can include both the actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. "Unjust enrichment" means the profits defendants made as a result of the misappropriated trade secrets.

Jury Instruction No. 19.

> INSTRUCTION NO. 28
> **DAMAGES FOR UNJUST ENRICHMENT**
> If you decide in favor of plaintiffs on their claim for unjust enrichment, then you must determine the amount of money that will reasonably and fairly compensate plaintiffs for any unjust enrichment enjoyed by defendants Baker, BPI, Speed, Ashford, or Mayhem's possession of plaintiffs' property.

Jury Instruction No. 28.

As set forth above, in relation to plaintiffs' misappropriation of trade secrets claim, the jury was specifically instructed that it could award damages for both actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation. Further, in relation to damages for plaintiffs' misappropriation of trade secrets claim, the verdict form states: "We find the dollar amount of damages sustained by plaintiffs as to their claim for misappropriation of trade secrets as to: [each defendant]" and provides a blank to fill in for each defendant. Verdict Form at 3. The Verdict Form does not differentiate between actual loss and unjust enrichment, and the Court finds that it would be pure speculation to conclude that the damages the jury awarded in relation to

plaintiffs' misappropriation of trade secrets claim only included damages for actual loss. The Court further finds any such speculation would be improper.

Additionally, the Court rejects plaintiffs' contention that based upon the Court's jury instruction not to duplicate damages for the same wrong under different counts, the jury must not have awarded any unjust enrichment damages for plaintiffs' misappropriation of trade secrets claim because it had already awarded unjust enrichment damages for plaintiffs' unjust enrichment/constructive trust claim. The jury was instructed as follows:

> Plaintiffs have asserted several claims for the same alleged wrong. If you decide in plaintiffs' favor on one of these claims and you find that they were damaged, you may not award them a double recovery. A party may only be awarded one amount of damages per wrong.

Jury Instruction No. 35. Contrary to plaintiffs' contention, the jury was not instructed that if damages were included under one theory of recovery than those same damages had to be excluded in determining damages under any other theory. Further, in his closing argument, plaintiffs' counsel argued that the jury should simply calculate each damage amount for each claim as instructed and that the Court would determine whether there was a duplicate award.

A review of the jury's award of damages for plaintiffs' other claims also shows the fallacy of plaintiffs' contention. In addition to plaintiffs' misappropriation of trade secrets claim and unjust enrichment/constructive trust claim, the jury awarded damages for plaintiffs' conversion claim, conspiracy claim, and Lanham Act claim. In their motion, plaintiffs concede that these damages are duplicative of plaintiffs' misappropriation of trade secrets claim. If the jury believed that it could not duplicate damages already awarded, why, then, would the jury award damages for plaintiffs' conversion claim, conspiracy claim, and Lanham Act claim that are admittedly duplicative. To

6

accept plaintiffs' contention, the Court would be required to assume the jury acted inconsistently, an assumption the Court will not make.

Accordingly, the Court finds that the amount of damages awarded by the jury for plaintiffs' misappropriation of trade secrets claim is $1,000,000.

### B.  Exemplary damages

The OUTSA provides:

> If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made pursuant to the provisions of subsection A of this section.

Okla. Stat. tit. 78, § 88(B).  Because the jury found that defendants Mills, Speed, BPI, Baker, and Mayhem willfully and maliciously misappropriated a trade secret, plaintiffs contend that this Court should exercise its discretion to impose exemplary damages.

Initially, the Court would note that based upon the jury's finding that defendants Mills, Speed, BPI, Baker, and Mayhem willfully and maliciously misappropriated a trade secret, the Court has the power to impose exemplary damages in its discretion in this case.  Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this matter, the Court, in the exercise of its discretion, declines to award exemplary damages to plaintiffs. Specifically, the Court, having considered the nature of each defendant's conduct, the duration of each defendant's conduct, each defendant's size and financial condition, the closeness of the case, any remedial action taken by each defendant, each defendant's motivation for harm, and whether any defendant attempted to conceal the misconduct, finds that exemplary damages against either defendant Mills, defendant Speed, defendant MPI, defendant Baker, or defendant Mayhem are not warranted in this case.  The Court would further note that its finding not to award exemplary

damages is in accord with the jury's separate determination not to award punitive damages against defendants Mills, Speed, BPI, Baker, and Mayhem in relation to plaintiffs' conversion claim, a claim that was premised on the same conduct as that supporting plaintiffs' misappropriation of trade secrets claim.

### C. Costs and attorneys' fees

In their motion, plaintiffs further request that this Court order that plaintiffs are entitled to recover attorneys' fees and costs. Since no judgment has been entered against defendants Mills, Speed, Ashford, BPI, Baker and/or Mayhem, the Court finds plaintiffs' request is premature. On this same date, the Court is entering judgment in this case as to the above defendants. The Court will address any issues regarding attorneys' fees and costs upon motions timely filed in accordance with Federal Rule of Civil Procedure 54.

### III. Conclusion

Accordingly, the Court DENIES plaintiffs' Motion for Exemplary Damages [docket no. 466] and GRANTS plaintiffs' Motion for Entry of Final Judgment [docket no. 466]. The Court will issue a separate judgment in accordance with the instant order, as well as the Court's order on defendants' renewed motions for judgment as a matter of law and the Court's order on defendants' motion for set-off or credit, both issued this same date.

**IT IS SO ORDERED this 30th day of January, 2014.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE