# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII, LTD, et al., )
             )
     Plaintiffs,   )
             )
vs.            )  Case No. CIV-11-649-M
             )
DAVID MILLS, et al.,    )
             )
     Defendants.  )

## **ORDER**

   Before the Court is defendants Landon Speed, Jim Ashford, Todd Baker, Baker Petroleum & Investments, Inc., David Mills, and Mayhem Oil & Gas, Inc.'s ("Moving Defendants") Joint Motion for Set-Off or Credit, filed October 18, 2013. On October 25, 2013, plaintiffs filed their response, and on November 1, 2013, Moving Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

   Moving Defendants move the Court to credit plaintiffs' settlement with OKKI Industries, L.L.C., OKKI Energy, L.L.C., and Nelson Bolen in the case of *Gaedeke Holdings VII, Ltd. v. OKKI Industries, L.L.C., OKKI Energy, L.L.C. and Nelson Bolen*, Case No. CIV-10-331-R (W.D. Okla.) (the "Settlement") against any judgment entered in this case against Moving Defendants. Moving Defendants assert the Settlement and any judgment entered against Moving Defendants in this case represent common damages for a common injury. Further, Moving Defendants assert that they are entitled to a credit for the full amount plaintiffs received by or on behalf of the OKKI defendants because the settlement agreement does not specify what percentage of the settlement fund is attributable to any particular claim.

> It is a fundamental legal principle that an injured party is ordinarily entitled to only one satisfaction for each injury. When a plaintiff receives an amount from a settling defendant, therefore, it is normally

> applied as a credit against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages.

*U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988) (internal citation omitted), overruled by implication on other grounds as recognized by *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996). "The purpose of the rule is to prevent a plaintiff from receiving double compensation for an injury. Consequently, the rule applies only where the defendants' conduct resulted in a single injury." *Id.* (internal citations omitted).

> By contrast, where two or more defendants are responsible for separate injuries, an amount received in settlement from one defendant for one of the injuries may not be used to reduce the liability of the other defendant for the other injury.

*Id.* "The critical focus, therefore, must be whether the jury award compensated the plaintiff for the same injury as the settlements." *Id.* at 1237, n.20. Finally, it is the party seeking credit for the amount received in a settlement that bears the burden of proving "that the damages assessed against him have in fact and in actuality been previously covered in a prior settlement". *Id.* at 1261 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that Moving Defendants have not met their burden of proving that the damages assessed against them have in fact and in actuality been previously covered by the Settlement. Specifically, the Court finds that plaintiffs' injury compensated by the Settlement is a separate and distinct injury from the injury for which the jury awarded damages to plaintiffs in the case at bar. The Settlement involved a specific block of leases in Jackson County, Oklahoma and provided that plaintiffs would receive a certain amount of the purchase price for these leases and a certain overriding royalty interest in these leases. Moving Defendants' leases were largely acquired in Harmon County, Oklahoma – an entirely different block

of leases. Further, the Settlement was a "covenant touching and concerning the land," specifically tied to the OKKI leases. Settlement at § 20.

Additionally, in the case at bar, plaintiffs sought damages for the lost profits on their sale to Panther. The settlement agreement was dated May 7, 2010. The Panther sale occurred in December 2010. Thus, any injury resulting from alleged lost profits had not occurred at the time of the Settlement.

Further, under the Oklahoma Uniform Trade Secrets Act, and as the jury was instructed by this Court, for their misappropriation of trade secrets claim, plaintiffs could recover both the actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss. *See* Okla. Stat. tit. 78, §88 (A). Thus, plaintiffs' damages in the case at bar could include Moving Defendants' unjust enrichment. Since Moving Defendants were not a party to the Settlement, their unjust enrichment clearly would not be a part of the Settlement.

Accordingly, for the reasons set forth above, the Court finds that Moving Defendants are not entitled to a credit for the Settlement. The Court, therefore, DENIES Moving Defendants' Joint Motion for Set-Off or Credit [docket no. 480].

**IT IS SO ORDERED this 30th day of January, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE