# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII, LTD, et al.,   )
                                     )
        Plaintiffs,                )
                                     )
vs.                                  )   Case No. CIV-11-649-M
                                     )
DAVID MILLS, et al.,                 )
                                     )
        Defendants.                )

## ORDER

Before the Court is defendants Landon Speed, Jim Ashford, Todd Baker and Baker Petroleum and Investments, Inc.'s (hereinafter "Defendants") Rule 59 Motion for New Trial or, Alternatively, Rule 60 Motion for Relief from Judgment or Order, filed May 19, 2014.[1] On June 9, 2014, plaintiffs filed their response, and on June 16, 2014, defendant Mayhem Oil and Gas, Inc. filed a reply. On September 16, 2014, the Court heard oral argument on whether the issue of liability is inextricably intertwined with the issue of damages.

I.    Background

On September 20, 2013, the jury came back in this case with its verdict. The jury found as follows: (1) in favor of plaintiffs as to their unjust enrichment/constructive trust claim and awarded damages in the amount of $3,400,000.00; (2) in favor of defendants as to plaintiffs' tortious interference claim; (3) in favor of plaintiffs (except as to defendant Windsor Energy) as to plaintiffs' misappropriation of trade secrets claim and awarded damages in the amount of $1,000,000.00; (4) in favor of plaintiffs (except as to defendant Windsor Energy) as to plaintiffs' conversion claim and

---

[1] In their motion, Defendants join in defendant Mayhem Oil & Gas, Inc.'s Rule 59 Motion for New Trial, or Alternatively, Rule 60 Motion for Relief from Judgment or Order and Brief in Support. Defendant Mayhem Oil & Gas, Inc. has reached a settlement with plaintiffs, and its motion has been found moot.

awarded damages in the amount of $1,000,000.00; (5) in favor of plaintiffs as to their civil conspiracy claim and awarded damages in the amount of $1,500,000.00; (6) in favor of plaintiffs (except as to defendant Windsor Energy) as to plaintiffs' reverse passing off Lanham violation claim and awarded damages in the amount of $1,000,000.00; and (7) did not award any punitive damages.

All of the defendants, except defendant Windsor Energy who had prevailed at trial, filed renewed motions for judgment as a matter of law. On January 30, 2014, the Court entered an order granting the motions as to plaintiffs' unjust enrichment/constructive trust claim, conversion claim, and civil conspiracy claim and denying the motions as to the issue of whether plaintiffs are the real parties in interest and as to plaintiffs' misappropriation of trade secrets claim and reverse passing off claim. On January 30, 2014, the Court also entered an order denying plaintiffs' motion for exemplary damages. Further, on January 30, 2014, the Court entered an order denying defendants' motion for set-off or credit. Finally, on January 30, 2014, the Court entered a Judgment in this case in favor of plaintiffs and against defendants (except defendant Windsor Energy) in the amount of $1,000,000.00.

On February 27, 2014, plaintiffs filed a Rule 59 Motion to Alter or Amend the Judgment or, in the Alternative, for New Trial on Damages. Plaintiffs asserted, in part, they were entitled to a new trial on damages based upon the Court's exclusion of their experts, particularly their damages expert. The Court found that "in the interest of justice plaintiffs are entitled to a new trial on the issue of damages where both plaintiffs and defendants will be afforded an opportunity to offer expert testimony on the issue of damages." April 21, 2014 Order at 4. The Court, accordingly, granted plaintiffs' motion for new trial on damages and vacated the January 30, 2014 Judgment as to damages only.

2

II.  Discussion

Defendants now move, pursuant to Federal Rule of Civil Procedure 59, for a new trial on liability on the claim for misappropriation of trade secrets or, alternatively, move, pursuant to Federal Rule of Civil Procedure 60, for the Court to alter or amend its April 21, 2014 Order by granting a new trial as to both liability and damages on the claim for misappropriation of trade secrets. Specifically, Defendants contend that the misappropriation claim should be retried in its entirety because the liability issue is inextricably intertwined with damages. Defendants further contend that since the judgment was rendered in this case the Oklahoma Supreme Court has clarified the elements of a misappropriation claim under Oklahoma law and has specifically identified as the first element of a misappropriation claim that plaintiff was the owner of the trade secrets. Defendants, therefore, assert that retrying liability as well as damages would correct a fundamental error in the jury instructions and save a third retrial after an appeal.

In response, plaintiffs assert that Defendants' motion is untimely. Plaintiffs further assert that Defendants' "inextricably intertwined" argument fails, in that a second jury is capable of deciding damages owed by Defendants without evaluating the degree of Defendants' culpability. Additionally, plaintiffs assert that the ownership issue is moot as it has been decided both by this Court and in a separate lawsuit between plaintiffs and other parties who wrongfully asserted ownership to the trade secrets. Finally, plaintiffs assert that the alleged clarification of the elements of a misappropriation claim under Oklahoma law is irrelevant.

A.  Timeliness

Plaintiffs contend that Rule 59(e) allows a party to file a motion to amend or alter judgment no later than 28 days after the entry of the judgment. Because the Court entered judgment on

January 30, 2014, plaintiffs assert that Defendants' motion is untimely as it was filed nearly three months too late. Additionally, plaintiffs assert that Defendants have not set forth any exceptional circumstances that permit relief under Rule 60 but merely rehash the same arguments that have been addressed and repeatedly rejected by the Court. As such, plaintiffs contend that Defendants' motion can only be construed as an untimely Rule 59 motion.

In its April 21, 2014 Order, the Court granted plaintiffs' motion for new trial on damages and vacated the January 30, 2014 Judgment as to damages only. Thus, at present, there is no "final judgment" in this case.[2] *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (where issue of liability has been determined, but assessment of damages remains to be resolved, order determining liability is not final order). Where there is no final judgment, the time limitations for filing a Rule 59 motion have not begun to run. *See Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). Additionally, "[a]n order granting a new trial is interlocutory in nature", *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980), and "the district court has plenary power over it and may therefore reconsider, revise, alter or amend that order at any time prior to final judgment." *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) (internal quotations and citations omitted). Accordingly, the Court finds that Defendants' motion is not untimely and this Court may, if appropriate, alter or amend its April 21, 2014 Order.

In their response, plaintiffs also contend that Defendants have waived the arguments asserted in their motion by not making these arguments in response to plaintiffs' Rule 59 Motion to Alter or

---

[2] In their May 12, 2014 Joint Status Report filed with the Tenth Circuit, the parties stated "there is now in place no final, appealable judgment". Joint Status Report, attached as Exhibit A to Defendant Mayhem Oil & Gas, Inc.'s Reply in Further Support of Rule 59 Motion for New Trial or, Alternatively, Rule 60 Motion for Relief from Judgment or Order [docket no. 550].

Amend the Judgment or, in the Alternative, for New Trial on Damages. Plaintiffs, however, cite no authority in support of their contention. Having reviewed the parties' submissions, and noting plaintiffs' lack of authority, the Court finds that Defendants have not waived the arguments asserted in their current motion.

      B.      Inextricably Intertwined

Defendants assert that plaintiffs' claim for misappropriation of trade secrets should be retried in its entirety because liability issues are inextricably intertwined with causation of damages and damages cannot, as a practical matter, be separately tried. The United States Supreme Court has held "[w]here the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). In *Gasoline Products*, the Supreme Court further found:

> the question on damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial.

*Id.* Further, the Tenth Circuit has held that the inextricably intertwined rationale:

> bars a limited retrial when two issues are inextricably intertwined. If a district court were to retry only one of two such intertwined issues to a second jury, while maintaining the vitality of the first jury's findings on the other issue, it would cause confusion and uncertainty and, thus, an unfair trial.

*Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1256 (10th Cir. 1999).

Defendants contend the issue of liability is interwoven with the issue of damages. Defendants assert that the jury was not required to, and did not, identify what it considered to be the trade secrets in this case nor did the jury identify what acts or conduct of the defendants that it

believed constituted misappropriation. Further, Defendants assert that given the various damage scenarios plaintiffs placed before the jury, it would be sheer speculation by the second jury to attempt to guess what information the first jury found to be a trade secret and what conduct was the basis for imposing liability. Defendants, therefore, contend that because the liability and damages issues cannot be separated without doing manifest injustice to them, any retrial should include both the issue of liability and the issue of damages.

Plaintiffs contend that the issues of damages and liability are not inextricably intertwined. Plaintiffs assert that there has never been any serious dispute as to the trade secrets at issue and the conduct that gave rise to Defendants' liability. Further, plaintiffs assert that a trial limited to damages will not prejudice Defendants and, thus, an error related to damages should not force plaintiffs to re-litigate liability.

Having carefully reviewed the parties' submissions, and having heard the arguments of counsel at the hearing, the Court finds that the issues of damages and liability are not inextricably intertwined. Specifically, the Court finds that the issue of damages is distinct and separable from the issue of liability and can be submitted to a second jury independently of the issue of liability without confusion and uncertainty and, thus, would not prejudice Defendants and would not amount to a denial of a fair trial. Having heard the arguments of counsel and having reviewed the transcript of the trial, the Court finds there is no real dispute as to what the trade secrets at issue are and how each defendant misappropriated them. Specifically, the Court finds the trade secret at issue is the sales brochure/geological study, and misappropriation occurred when a defendant copied it, gave it to others, and/or used it to sell a project.

Additionally, while some of the evidence regarding liability is also necessary and relevant to prove damages, the Court finds that there is certainly a substantial amount of evidence that is not necessary and relevant to prove damages, such as evidence regarding whether the sales brochure/geological study was a trade secret and evidence regarding Defendants' defenses. Further, the Court finds that Defendants will not be prejudiced by a trial on the issue of damages only. The damages jury will still have to determine what damages, if any, were caused by the misappropriation and will have to make this determination as to each individual defendant.

### C. Ownership

Defendants contend that retrying liability will allow this Court to correct a fundamental error of law in the misappropriation instruction. Specifically, Defendants assert that the Oklahoma Supreme Court has recently clarified Oklahoma law regarding the elements of a misappropriation of trade secrets claim by approving a new Oklahoma Uniform Jury Instruction ("OUJI") on the elements of misappropriation of trade secrets which includes as an element of the claim that the plaintiff was the owner of the trade secrets. Because the jury was not instructed that it had to find that plaintiffs were the owners of the trade secrets and because Defendants allege the issue of ownership was highly contested, Defendants assert that it is entirely likely that the jury might have based its verdict on the Court's "erroneous" instruction.

Plaintiffs contend that Oklahoma's new jury instruction on misappropriation of trade secrets is irrelevant as there has been no change in the law. Further, plaintiffs contend that the jury instruction given by the Court in the original trial was not a "fundamental error of law." At the time the jury received its instructions, the Court used the controlling Oklahoma and Tenth Circuit law setting forth the elements for misappropriation of trade secrets. Additionally, plaintiffs assert that

7

the new instruction cited by Defendants did not take effect until April 2014, nearly seven months after the jury returned its verdict. There is no provision in the new instruction that requires retroactive application and there is no case law that supports such an application.

Having carefully reviewed the parties' submissions, the jury instructions given at the trial, and OUJI 29.1, the Court finds there was no fundamental error of law in the misappropriation of trade secrets instruction given at trial. The jury instruction given provided that plaintiffs must establish the following elements: (1) the existence of a trade secret; (2) misappropriation of the trade secret by the defendant; and (3) disclosure or use of the trade secret to plaintiff's detriment. *See* Instruction No. 15 [docket no. 463]. The new OUJI No. 29.1 provides that plaintiffs must prove the following elements: (1) plaintiff was the owner of the trade secrets; (2) defendant misappropriated the trade secrets; and (3) the misappropriation of the trade secrets was the direct cause of damages to plaintiff. *See* OUJI 29.1. However, the Comments to OUJI No. 29.1 state:

> The law of trade secrets in Oklahoma is governed by the Uniform Trade Secrets Act, 78 O.S. 2011 §§ 85-94. In *Micro Consulting, Inc. v. Zubeldia*, 813 F. Supp. 1514, 1534 (W.D. Okla. 1990), the United States District Court for the Western District of Oklahoma listed the elements of a trade secrets claim as: "(1) the existence of a trade secret; (2) misappropriation of this secret by the defendants; and (3) use of the secret by the defendants to the detriment of the plaintiff." The standard announced in *Micro Consulting, Inc.* was noted by the Oklahoma Court of Civil Appeals in *MTG Guarnieri Mfg., Inc. v. Clouatre*, 2010 OK CIV APP 71, ¶ 12, n. 14, 239 P.3d 202, 209.

Comments to OUJI 29.1. Based upon the comments to OUJI No. 29.1, the Court finds that there has been no change in the case law upon which a misappropriation of trade secrets claim is based and that the jury instruction given by this Court, which sets forth the elements set forth in the case law and cited in the comments, was not an error of law, let alone a fundamental error of law.

8

Further, the Court finds the jury was specifically advised of the parties' contentions on the issue of ownership of the sales brochure/geological study, in particular that Defendants asserted that plaintiffs did not own the sales brochure/geological study. *See* Instruction No. 3 [docket no. 463]. Additionally, it is clear that the jury found that plaintiffs owned the sales brochure/geological study based upon its verdict in favor of plaintiffs on their conversion claim.[3] The first element that plaintiffs had to prove to prevail on their conversion claim was that plaintiffs were the owners of the property (the sales brochure/geological study) alleged to have been converted by the defendants. *See* Instruction No. 25 [docket no. 463]. Thus, based upon the jury's finding in relation to plaintiffs' conversion claim, the Court finds the jury would have made the same finding in relation to plaintiffs' misappropriation of trade secrets claim if the jury had been instructed as Defendants contend it should have.

The Court, therefore, finds a new trial on liability on plaintiffs' claim for misappropriation of trade secrets is not warranted.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendants' Rule 59 Motion for New Trial or, Alternatively, Rule 60 Motion for Relief from Judgment or Order [docket no. 545].

**IT IS SO ORDERED this 22nd day of October, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The jury found in favor of plaintiffs (except as to defendant Windsor Energy) as to plaintiffs' conversion claim. *See* Verdict Form at 4 [docket no. 464].

9