IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-11-649-M ) |
| DAVID MILLS, LANDON SPEED, JIM ASHFORD, BAKER PETROLEUM AND INVESTMENTS, INC., TODD BAKER, MAYHEM OIL & GAS, INC., WINDSOR ENERGY GROUP, LLC, and JOHN DOE(S), | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Landon Speed's ("Speed") Motion for Partial Summary Judgment, filed February 17, 2015. On March 10, 2015, plaintiffs filed their response, and on March 16, 2015, Speed filed his reply. Based upon the parties' submissions, the Court makes its determination.

Judgment has been entered in favor of plaintiffs and against Speed as to plaintiffs' misappropriation of trade secrets claim. A new trial on damages in this case is set on the Court's September 2015 trial docket. Speed now moves the Court for partial summary judgment as to plaintiffs' remaining theory of recovery for unjust enrichment that is included in their misappropriation of trade secrets claim.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines

the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

Damages for misappropriation of trade secrets "can include both the actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Okla. Stat. tit. 78, § 88 (A). Speed contends there is no dispute as to the fact that he was not enriched by the alleged misappropriation of trade secrets and that he is, therefore, entitled to judgment in his favor on plaintiffs' remaining theory of recovery for unjust enrichment that is included in their misappropriation of trade secrets claim. The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to whether Speed was enriched by the misappropriation of trade secrets. For example, plaintiffs have presented evidence that a personal loan of Speed was repaid with the proceeds from the lease sales.

Accordingly, the Court finds that Speed is not entitled to summary judgment as to plaintiffs' theory of recovery for unjust enrichment that is included in their misappropriation of trade secrets claim.

Therefore, the Court DENIES Speed's Motion for Partial Summary Judgment [docket no. 574].

**IT IS SO ORDERED this 11th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE