# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII, LTD., and )
GAEDEKE OIL & GAS OPERATING, )
LLC, )
                                   Plaintiffs, )
)
vs. )   Case No. CIV-11-649-M
)
DAVID MILLS, et al., )
)
                                   Defendants. )

## ORDER

Before the Court is defendants Todd Baker, Landon Speed, and Baker Petroleum and Investments, Inc.'s (collectively, "Defendants") Motion to Compel Discovery from Plaintiff, filed April 17, 2015. On May 8, 2015, Plaintiffs filed their response, and on May 13, 2015, Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On November 17, 2014, Defendants mailed their third set of interrogatories and requests for production of documents to Plaintiffs, in care of their attorneys. On January 12, 2015, Defendants received Plaintiffs' discovery responses. After reviewing Plaintiffs' responses, Defendants' counsel requested a conference with Plaintiffs' counsel to discuss their alleged deficiencies. The parties were able to resolve certain discovery issues, but not all discovery issues. As a result, Defendants now move this Court for an order compelling Plaintiffs to fully answer interrogatories 1, 2, 4, 9 and 10 and to respond to requests for production nos. 1, 2, 3, 4, 7, and 9.[1]

---

[1] These discovery requests can be grouped into two general areas of inquiry: (1) Plaintiffs' settlement agreements with other entities which Plaintiffs claimed misappropriated the Sales Brochure at issue in this case, and (2) Plaintiffs' claimed damages.

II.     Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.     Settlement Agreements

In interrogatories 1, 2, and 4, Defendants ask Plaintiffs to describe in detail the terms of the settlement agreement between Plaintiffs and Mayhem Oil & Gas, Inc., the terms of the settlement agreement between Plaintiffs and the defendants in *Gaedeke v. Shawn P. Hannifin, et al.*, Case No. CIV-14-586-M, and the terms of a settlement between Plaintiffs and any defendant, including Steven Ellsworth, in *Gaedeke v. Ellsworth*, Case No. 3:13-CV-04178-L (N.D. Tex.). Requests for production nos. 1, 2, 3, 4, and 7 seek copies of the above-referenced settlement agreements. Defendants contend these settlement agreements are discoverable because Defendants need to know how the settlements limit their potential liability in damages, as Plaintiffs have claimed the defendants in this case, including Mayhem Oil & Gas, Inc., are jointly and severally liable for all damages, as well as any perceived unjust enrichment. Additionally, Defendants contend they are entitled to discover the settlement agreements to ascertain whether there is evidence of a *quid pro quo* between Plaintiffs and any settling party who may be a witness in this case. Further, Defendants assert that the settlement agreements may expose the bias or prejudice of the settling parties as

witnesses, whether or not they were defendants in this lawsuit, and, thus, the settlement agreements are discoverable.

In response, Plaintiffs state that they agreed to keep confidential the terms of each of the three settlement agreements sought by Defendants, and Plaintiffs want to honor that agreement. Additionally, Plaintiffs assert that Defendants' discovery requests are premature because the amount of any offset will only come up post-trial, if Plaintiffs obtain a damages judgment, and at that time, the Court can consider whether or not to order Plaintiffs to violate the confidentiality provisions of its agreements. In their response, Plaintiffs do not respond to Defendants' assertion that the settlement agreements are discoverable in relation to any bias or prejudice of the settling parties as witnesses.

Numerous courts have found that settlement agreements are discoverable. Further, settlement agreements "are not shielded from discovery merely because they are confidential." *DirectTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004). Additionally, courts have found that settlement agreements and information regarding their terms are relevant and discoverable because they may establish the bias or prejudice of witnesses. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *4-5 (D. Kan. Apr. 27, 2007); *DirectTV*, 224 F.R.D. at 684; *In re CFS-Related Sec. Fraud Litig.*, Nos. 99-CV-825-K(J), 00-CV-111-K(J), 99-CV-874-K(J), 00-CV-110-K(J), 99-CV-889-K(J), 00-CV-847-K(J), 02-CV-961-K(J), 2003 WL 24136089 (N.D. Okla. July 31, 2003); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001). Courts have also found that settlement agreements are relevant and discoverable in order to allow parties to ascertain the extent of their liability. *See Barclay v. Gressit*, No. 2:12-cv-156-JHR, 2013 WL 3819937, at *3 (D. Me. July 24, 2013);

*Heartland*, 2007 WL 1249216, at *4-5; *White*, 203 F.R.D. at 367 (finding that discovery of settlement agreement would allow remaining defendant to formulate litigation strategy without speculating as to whether its potential liability has been partially satisfied, and "this level of certainty is important because the remaining defendant should not be left to grope blindly in the dark").

Having carefully reviewed the parties' submissions, the Court finds that the settlement agreements Defendants are seeking are relevant and discoverable. Specifically, the Court finds that the settlement agreements are relevant because they may establish the bias or prejudice of witnesses and are discoverable, in light of Plaintiffs' allegations of joint and several liability, in order to allow Defendants to ascertain the extent of their liability. The Court also finds the fact the parties to the settlement agreements agreed to keep confidential the terms of the settlement agreements does not bar discovery of them by Defendants. The Court finds any issues regarding confidentiality will be adequately protected by the attorneys-eyes-only protective order which is already in place in this case. Accordingly, the Court finds that Plaintiffs should be compelled to respond to interrogatories 1, 2, and 4 and requests for production nos. 1, 2, 3, 4, and 7.

B. <u>Plaintiffs' Claimed Damages</u>

Interrogatory 9 requests Plaintiffs to identify each and every cost incurred by each Plaintiff in creating or compiling the Sales Brochure/Geological Study which is the subject of this lawsuit. Interrogatory 10 requests Plaintiffs to identify all damages they claim to have sustained as the result of any act or omission by Defendants. Finally, request for production no. 9 requests Plaintiffs to produce a copy of each and every document supporting their claim for damages, including but not limited to all documents evidencing a cost incurred by either Plaintiff in the creation or compilation

4

of the Sales Brochure/Geological Study. In response, Plaintiffs referenced the entire trial testimony of Mark Reed, certain exhibits introduced at the trial, and the report of Dr. Keith R. Ugone. In their response to Defendants' motion to compel, Plaintiffs, in essence, answer the discovery requests and note that they have hired a new damages expert to further refine their damages calculation and the expert's report will be provided to Defendants by the July 1, 2015 deadline.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs cannot simply rely upon their attorneys' explanation set forth in their response to Defendants' motion to compel but must provide Defendants a verified response to their discovery requests. Additionally, the Court finds that Plaintiffs cannot cite to the entirety of Mr. Reed's testimony but must provide specific information as it did in its response. Further, the Court finds that Plaintiffs' responses to these discovery requests can be supplemented by any expert report provided to Defendants by the July 1, 2015 deadline.

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Compel Discovery from Plaintiff [docket no. 584] and ORDERS Plaintiffs to fully and completely answer interrogatories 1, 2, 4, 9, and 10 and respond to requests for production 1, 2, 3, 4, 7, and 9.[2] Plaintiffs shall provide their answers/responses to Defendants on or before June 9, 2015.

**IT IS SO ORDERED this 27th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiffs' responses to the discovery requests regarding settlement agreements shall be produced to Defendants in accordance with the attorneys-eyes-only protective order which is already in place in this case.

5