# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GAEDEKE HOLDINGS VII LTD., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-649-M |
| | ) | |
| LANDON SPEED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiffs' Motion to Compel Landon Speed, Todd Baker and Baker Petroleum and Investments, Inc. to Produce Tax Returns, filed July 22, 2015. On August 3, 2015, defendants Landon Speed, Todd Baker, and Baker Petroleum and Investments, Inc. ("Defendants") filed their response, and on August 7, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs move the Court for an order compelling Defendants to turn over their personal and business tax returns. Plaintiffs assert they need these tax returns in order to trace where the profits from three large transfers of cash – one for $641,250, one for $855,000, and one for $172,125 – went.[1] Plaintiffs further assert that this information is not otherwise readily obtainable because Defendants did not keep records of how this money was divvied up and now profess not to remember.

"Tax returns do not enjoy an absolute privilege from discovery." *Biliske v. Am. Live Stock Ins. Co.*, 73 F.R.D. 124, 126 n.1 (W.D. Okla. 1977). However, "[t]he Court recognizes that a public policy against the unnecessary public disclosure of tax returns indicates that a Court should not

---

[1] In their reply, plaintiffs broaden their argument as to why they need the tax returns and assert that they need the tax returns in order to determine the amount of "profit" Defendants earned.

require the production of tax returns where the information sought is readily obtainable by other means or from other sources." *Id.* (citations omitted).

In their response, Defendants assert that in April of 2013, they provided plaintiffs with the documents they need to determine how revenue received from defendant Baker Petroleum and Investments, Inc.'s sale of leases in southwest Oklahoma was spent and distributed. Specifically, Defendants assert they have produced unredacted copies of bank records, and that the records contained every statement as well as copies of every check and every deposit slip for each account. Further, Defendants assert that records for the Key Largo[2] account encompassed the entire duration of the Key Largo account, from the time it was opened through the time it was zeroed out and the account was closed. Defendants also assert that they have produced all of their lease files and copies of receipts, invoices and other documents evidencing the expenses incurred to acquire the leasehold. Plaintiffs do not dispute that Defendants produced these records. Additionally, Defendants contend that plaintiffs brought redacted bank records, rather than the unredacted records, to the depositions of defendants Landon Speed and Todd Baker and that defendants Speed and Baker needed the unredacted bank statements to fully answer plaintiffs' questions.

Having carefully reviewed the parties' submissions, the Court finds that Defendants should not be compelled to produce their personal and business tax returns. Specifically, the Court finds that the information sought through the tax returns is readily obtainable by other means and/or from other sources. In fact, the unredacted bank records that have already been produced to plaintiffs contain the information plaintiffs would need to determine Defendants' "profits" and/or how

---

[2]"Key Largo" was the name given to the project in southwest Oklahoma that is at issue in this case, and defendant Baker Petroleum and Investments, Inc. opened a bank account specifically for the Key Largo project.

revenue was spent and distributed.[3]  Further, the Court finds that plaintiffs have not sufficiently shown that the tax returns would, in fact, contain the information they seek.  Defendants assert that the tax returns indicate income in the aggregate and do not parse out what income came from what given project or particular oil and gas investment.  Plaintiffs have not shown otherwise.

Accordingly, the Court DENIES plaintiffs' Motion to Compel Landon Speed, Todd Baker and Baker Petroleum and Investments, Inc. to Produce Tax Returns [docket no. 628].

**IT IS SO ORDERED this 9th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In their reply, plaintiffs assert that because there are at least four different expense totals in this case and disagreement regarding the profit Defendants earned, they need to see what Defendants reported to the IRS on the subject of profits.  The fact that different individuals have calculated different expense totals and profits from the bank records, however, does not indicate that the bank records themselves do not adequately provide the information plaintiffs are seeking.  It simply indicates that different individuals, using the same information, have come to different conclusions.