# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD, <br> GAEDEKE OIL & GAS OPERATING, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD BAKER, BAKER PETROLEUM AND INVESTMENTS, INC., and LANDON SPEED, <br><br> Defendants. | Case No. CIV-11-649-M |

## ORDER

Before the Court is the Remaining Defendants' Motion Seeking a Determination Plaintiffs Are Not Entitled to an Award of Any Amount of Attorney Fees or Costs Because Their Requests Are Untimely, and/or Because These Awards Are Discretionary, filed April 27, 2017. On June 1, 2017, plaintiffs filed their response, and on June 8, 2017, defendants Todd Baker, Baker Petroleum and Investments, Inc., and Landon Speed ("Remaining Defendants") filed their reply. Based upon the parties' submissions, the Court makes its determination.

From September 10, 2013 through September 20, 2013, a jury trial was held in this case, and the jury returned its verdict on September 20, 2013. Various post-trial motions were filed, and on January 30, 2014, the Court ruled on the post-trial motions and entered judgment in this case. On February 13, 2014, plaintiffs filed a motion for costs and a motion for attorney fees and non-taxable costs. On February 19, 2014, the defendants filed a joint motion to stay plaintiffs' motion for costs and motion for attorney fees and non-taxable costs. On February 26, 2014, the Court entered an order denying plaintiffs' motion for costs and motion for attorney fees and non-taxable

costs without prejudice to refiling after the resolution of any appeals[1] in this case.[2] On February 27, 2014, plaintiffs filed their Rule 59 Motion to Alter or Amend the Judgment or, in the Alternative, for New Trial on Damages.[3] On April 21, 2014, the Court granted plaintiffs' motion for new trial on damages and vacated the January 30, 2014 Judgment as to damages only.[4]

From December 1, 2015 through December 9, 2015, a jury trial on the issue of damages was held in this case, and the jury returned its verdict on December 9, 2015. On December 11, 2015, the Court entered a new judgment in this case. On December 28, 2015, defendant Baker Petroleum and Investments, Inc. filed a motion for costs. On January 4, 2016, plaintiffs filed a notice of appeal. On January 19, 2016, defendants Todd Baker and Landon Speed filed a notice of cross appeal. On March 30, 2017, the United States Court of Appeals for the Tenth Circuit entered its order and judgment affirming this Court's judgment. On April 13, 2017, plaintiffs filed a motion for attorney fees and non-taxable costs and a motion for costs.

Remaining Defendants now move this Court to find that plaintiffs' motions for attorney fees and costs are untimely. Remaining Defendants assert that plaintiffs' motions should have been filed on or before fourteen days after the December 11, 2015 Judgment. Plaintiffs contend their motions are timely based upon this Court's February 26, 2014 Order, as they were filed within fourteen days after the resolution of all appeals in this case.

---

[1] At the time of the Court's Order, defendants Landon Speed, Jim Ashford, Baker Petroleum and Investments, Inc., and Todd Baker had filed a notice of appeal, but the time for filing a notice of appeal had not expired as to the remaining parties.
[2] In its Order, the Court cited to the Advisory Committee Notes to Federal Rule of Civil Procedure 54.
[3] On March 3, 2014, plaintiffs filed a notice of appeal, and defendant Mayhem Oil & Gas, Inc. filed a notice of appeal.
[4] On May 15, 2014, the United States Court of Appeals for the Tenth Circuit dismissed the pending appeals.

Federal Rule of Civil Procedure 54(d)(2)(B)(i) provides: "Unless a statute or a court order provides otherwise, the motion [for attorney fees] must: (i) be filed no later than 14 days after the entry of judgment; . . . ." Fed. R. Civ. P. 54(d)(2)(B)(i). Additionally, the Advisory Committee's Notes accompanying Rule 54 explain, in pertinent part:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. <u>A new period for filing will automatically begin if a new judgment is entered following</u> a reversal or remand by the appellate court or <u>the granting of a motion under Rule 59.</u>

Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments (emphasis added).

Having carefully reviewed the parties' submissions, and based upon Rule 54(d)(2)(B) and the Advisory Committee Notes, the Court finds that plaintiffs' motions for attorney fees and costs are untimely. Specifically, the Court finds that while this Court's February 26, 2014 Order established a deadline for filing motions for attorney fees and costs after the resolution of any appeals in this case, this order was filed prior to the motion for new trial on damages being filed, prior to the Court granting the motion for new trial on damages, and prior to the Court entering a new judgment on December 11, 2015. The Advisory Committee Notes clearly and expressly indicate that the entry of a new judgment following the granting of a motion for a new trial under Federal Rule of Civil Procedure 59 triggers the running (for a second time) of the fourteen day time period set forth in Rule 54(d)(2)(B). *See, e.g., Quigley v. Rosenthal*, 427 F.3d 1232, 1236-37 (10th Cir. 2005) (finding same portion of Advisory Committee Notes indicated entry of judgment following reversal on appeal triggered running for second time of fourteen day time period set forth in Rule 54(d)(2)(B)). Plaintiffs' motions for attorney fees and costs, therefore, were to be

3

filed on or before December 28, 2015.[5] Because plaintiffs' motions were not filed until April 13, 2017, the Court finds these motions should be denied as untimely.

Accordingly, the Court GRANTS Remaining Defendants' Motion Seeking a Determination Plaintiffs Are Not Entitled to an Award of Any Amount of Attorney Fees or Costs Because Their Requests Are Untimely [docket no. 827] and DENIES plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs [docket no. 815] and plaintiffs' Motion for Costs [docket no. 818] as untimely.

**IT IS SO ORDERED this 24th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5] While fourteen days after December 11, 2015 is December 25, 2015, due to the Christmas holiday and a weekend, the deadline would have fallen on December 28, 2015.