# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD., and GAEDEKE OIL & GAS OPERATING, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-11-649-M<br>) |
| LANDON SPEED, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion for Extension of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B), filed November 15, 2017. On December 6, 2017, defendants Todd Baker and Landon Speed ("Remaining Defendants") filed their response, and on December 13, 2017, plaintiffs filed their reply. Also before the Court is plaintiffs' Motion for Relief from Final Order Pursuant to Fed. R. Civ. P. 60(b), filed November 15, 2017. On December 6, 2017, Remaining Defendants filed their response, and on December 13, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

From September 10, 2013 through September 20, 2013, a jury trial was held in this case, and the jury returned its verdict on September 20, 2013. Various post-trial motions were filed, and on January 30, 2014, the Court ruled on the post-trial motions and entered judgment in this case. On February 13, 2014, plaintiffs filed a motion for costs and a motion for attorney fees and non-taxable costs. On February 19, 2014, the defendants filed a joint motion to stay plaintiffs' motion for costs and motion for attorney fees and non-taxable costs. On February 26, 2014, the Court entered an order denying plaintiffs' motion for costs and motion for attorney fees and non-taxable

costs without prejudice to refiling after the resolution of any appeals[1] in this case.[2] In its Order, the Court further noted that "[t]he parties may file any motions for costs and/or motions for attorney fees within fourteen (14) days of the resolution of all appeals in this case." February 26, 2014 Order [docket no. 525] at 2. On February 27, 2014, plaintiffs filed their Rule 59 Motion to Alter or Amend the Judgment or, in the Alternative, for New Trial on Damages.[3] On April 21, 2014, the Court granted plaintiffs' motion for new trial on damages and vacated the January 30, 2014 Judgment as to damages only.[4]

From December 1, 2015 through December 9, 2015, a jury trial on the issue of damages was held in this case, and the jury returned its verdict on December 9, 2015. On December 11, 2015, the Court entered a new judgment in this case. On December 28, 2015, defendant Baker Petroleum and Investments, Inc. filed a motion for costs. On December 31, 2015, plaintiffs filed a Motion to Stay or Deny Without Prejudice Defendant Baker Petroleum's Bill of Costs and Motion for Costs Pending Resolution of Appeal.[5] In its response to plaintiffs' motion, defendant Baker Petroleum stated that its bill of costs and associated motion were moot and that it had no objection to the Court dismissing them without prejudice. Based upon the statement of defendant

---

[1] At the time of the Court's Order, defendants Landon Speed, Jim Ashford, Baker Petroleum and Investments, Inc., and Todd Baker had filed a notice of appeal, but the time for filing a notice of appeal had not expired as to the remaining parties.
[2] In its Order, the Court quoted the Advisory Committee Notes to Federal Rule of Civil Procedure 54 as follows: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."
[3] On March 3, 2014, plaintiffs filed a notice of appeal, and defendant Mayhem Oil & Gas, Inc. filed a notice of appeal.
[4] On May 15, 2014, the United States Court of Appeals for the Tenth Circuit dismissed the pending appeals.
[5] In their motion, plaintiffs referenced this Court's February 26, 2014 Order.

Baker Petroleum, the Court dismissed the bill of costs and associated motion without prejudice. *See* January 22, 2016 Order [docket no. 804].

On January 4, 2016, plaintiffs filed a notice of appeal. On January 19, 2016, defendants Todd Baker and Landon Speed filed a notice of cross appeal. On March 30, 2017, the United States Court of Appeals for the Tenth Circuit entered its order and judgment affirming this Court's judgment. On April 13, 2017, plaintiffs filed a motion for attorney fees and non-taxable costs and a motion for costs. This Court denied plaintiffs' motions as untimely, finding as follows:

> Having carefully reviewed the parties' submissions, and based upon Rule 54(d)(2)(B) and the Advisory Committee Notes, the Court finds that while this Court's February 26, 2014 Order established a deadline for filing motions for attorney fees and costs after the resolution of any appeals in this case, this order was filed prior to the motion for new trial on damages being filed, prior to the Court granting the motion for new trial on damages, and prior to the Court entering a new judgment on December 11, 2015. The Advisory Committee Notes clearly and expressly indicate that the entry of a new judgment following the granting of a motion for a new trial under Federal Rule of Civil Procedure 59 triggers the running (for a second time) of the fourteen day time period set forth in Rule 54(d)(2)(B). *See, e.g., Quigley v. Rosenthal*, 427 F.3d 1232, 1236-37 (10th Cir. 2005) (finding same portion of Advisory Committee Notes indicated entry of judgment following reversal on appeal triggered running for second time of fourteen day time period set forth in Rule 54(d)(2)(B)). Plaintiffs' motions for attorney fees and costs, therefore, were to be filed on or before December 28, 2015. Because plaintiffs' motions were not filed until April 13, 2017, the Court finds these motions should be denied as untimely.

October 24, 2017 Order [docket no. 839] at 3-4.

II. <u>Discussion</u>

Plaintiffs now move this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for an order extending the time in which plaintiffs may file their applications for attorney fees and costs to within fourteen (14) days of the Court's order or, in the alternative, move this Court, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), to modify its October 24, 2017 Order

3

to permit plaintiffs to file their motions for attorney fees and costs within fourteen (14) days of the Court's modified order.

## A. Rule 6(b)(1)(B) motion

Plaintiffs assert that while the Court has now clarified that it did not intend by its February 26, 2014 Order to extend the time for filing any motions for attorney fees and costs until disposition of all appeals in the case, they genuinely and reasonably understood that the Court intended them to wait until "all appeals in this case" were decided before doing so. Plaintiffs further assert that while they believe their construction of the Court's February 26, 2014 Order is objectively correct, any mistake by them in understanding the Court's intent was inadvertent, made in good faith, and excusable, and warrants Rule 6(b)(1)(B) relief. Remaining Defendants contend that plaintiffs have failed to show excusable neglect for not timely seeking their fees and costs. Remaining Defendants further contend that plaintiffs cannot establish excusable neglect because this Court has already found the controlling rule is clear and/or because plaintiffs made a tactical choice not to timely file their motions for attorney fees and costs.

Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)". *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (internal citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown excusable neglect. Specifically, the Court finds that while plaintiffs were mistaken in their understanding of the Court's February 26, 2014 Order, it was plaintiffs' ignorance and/or mistake

4

regarding Federal Rule of Civil Procedure 54(d)(2)(B) that ultimately caused their motions for attorney fees and costs to be untimely.  Further, as stated in the Court's October 24, 2017 Order, the Advisory Committee Notes to Rule 54 "**clearly and expressly** indicate that the entry of a new judgment following the granting of a motion for a new trial under Federal Rule of Civil Procedure 59 triggers the running (for a second time) of the fourteen day time period set forth in Rule 54(d)(2)(B)."  October 24, 2017 Order at 3 (emphasis added).  Based upon the Tenth Circuit's decision in *Quigley*, the Court finds that plaintiffs' ignorance and/or mistake regarding Rule 54(b)(2)(B) does not constitute excusable neglect for purposes of Rule 6(b).  Accordingly, the Court finds that plaintiffs' request for an extension of time pursuant to Rule 6(b)(1)(B) should be denied.

  B. <u>Rule 60(b)(1) and (6) motion</u>

Plaintiffs assert that while the Court has now clarified that it did not intend by its February 26, 2014 Order to extend the time for filing any motions for attorney fees and costs until disposition of all appeals in the case, they genuinely and reasonably understood that the Court intended them to wait until "all appeals in this case" were decided before doing so.  Plaintiffs further assert that while they believe their construction of the Court's February 26, 2014 Order is objectively correct, any mistake by them in understanding the Court's intent was inadvertent, made in good faith, and excusable, and warrants Rule 60(b) relief.  Additionally, plaintiffs assert that their reliance upon the Court's February 26, 2014 Order in waiting to file their motions for attorney fees and costs is at least excusable neglect.  Finally, plaintiffs assert the Court should grant relief under the independent basis of Rule 60(b)(6).  Remaining Defendants contend that plaintiffs have failed to establish excusable neglect.  Remaining Defendants further contend that justice does not require that the Court exercise its discretion to grant relief under Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(1) and (6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (internal citations omitted). Additionally, relief under Rule 60(b)(6) "is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not set forth any exceptional circumstances warranting relief. As set forth above, the Court finds that plaintiffs have not shown excusable neglect, and, thus, relief is not warranted under Rule 60(b)(1). Additionally, the Court finds it does not offend justice to deny plaintiffs' requested relief in this case. The Court, therefore, finds that relief is not warranted under Rule 60(b)(6).

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion for Extension of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B) [docket no. 840] and plaintiffs' Motion for Relief from Final Order Pursuant to Fed. R. Civ. P. 60(b) [docket no. 841].

**IT IS SO ORDERED this 9th day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE