IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GAEDEKE HOLDINGS VII LTD and )
GAEDEKE OIL & GAS )
OPERATING, LLC, )
                               )
            Plaintiffs, )
                               )
-vs- )   Case No. CIV-11-0649-F
                               )
TODD BAKER; BAKER )
PETROLEUM AND )
INVESTMENTS, INC.; and )
LANDON SPEED, )
                               )
            Defendants. )

## ORDER

On July 29, 2019, the clerk of the court taxed costs in the amount of $22,537.64, in favor of the plaintiffs Gaedeke Holdings VII, Ltd., and Gaedeke Oil & Gas Operating, LLC. Doc. no. 892. (For convenience, these parties will be referred to as "plaintiff" in the singular.) Defendant Baker Petroleum and Investments, Inc. (BPI) also filed a bill of costs with the clerk. The clerk taxed zero costs in favor of BPI, having concluded that BPI is not a prevailing party. Doc. no. 893.

Two motions are now before the court in relation to the clerk's taxation of costs.[1] Defendants Todd Baker, BPI and Landon Speed move to retax costs, asking the court to disallow all of plaintiff's costs awarded by the clerk and to tax no costs

---

[1] The court reviews the clerk's determinations regarding taxation of costs *de novo*. <u>Hansen v. Sea Ray Boats, Inc.</u>, 160 F.R.D. 166, 167 (D. Utah 1995).

in this case. Alternatively, if the court awards costs to plaintiff, then defendants ask the court to award BPI its costs incurred in defending plaintiff's claims, seeking $9,665.10. Doc. no. 894. Plaintiff did not respond to defendants' motion to retax costs. Plaintiff, however, moved separately, asking the court to confirm the clerk's decision on plaintiff's bill of costs. Doc. no. 895. In that motion, plaintiff rebuts defendants' arguments for retaxing costs. Accordingly, the court will permit that motion to serve as plaintiff's response to defendants' motion to retax costs. In addition, plaintiff's motion asks the court to confirm the clerk's taxation of $22,537.64 in costs in favor of the plaintiff. Defendants responded to plaintiff's motion. Doc. no. 897. No reply brief was filed.

## Defendants' Motion

Defendants make several arguments for retaxation of costs, all of which are rejected for the reasons stated below.

(1) Defendants argue that under 28 U.S.C. § 1332(b), the court should disallow all costs in favor of the plaintiff and should tax costs in favor of BPI. Section 1332(b) provides that if a "plaintiff who files a case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, … the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." Thus, the statute gives the district court discretion with respect to a decision to deny costs under §1332(b).

The court, in the careful exercise of its discretion, will not deny plaintiff its costs under § 1332(b). As shown by the result at the first trial, plaintiff's potential recovery in this action warranted treating this case as one with an amount in controversy well in excess of the jurisdictional amount, justifying a major commitment of effort (with associated costs). Also, as evidenced by the result at the first trial, there is no reason to think that plaintiff deliberately inflated the

reasonable value of its claim or that plaintiff was acting other than in good faith when it invoked diversity jurisdiction. Furthermore, despite the limited amount of plaintiff's recovery, the interest at stake in plaintiff's successfully prosecuted claim—the sanctity of trade secrets—is not a trivial one. These considerations make it inappropriate to deny plaintiff its costs under § 1332(b).

(2) Defendants argue the court should deny plaintiff an award of costs based on the limited success achieved by plaintiff in this action. Defendants cite Howell Petroleum Corp. v. Samson Resources, 903 F.2d 778 (10th Cir. 1990). In Howell, the district court found plaintiff was the prevailing party but exercised its discretion to deny costs. The court of appeals affirmed, stating "the court was within its discretion to refuse to award costs to a party which was only partially successful." *Id*. at 783. Howell makes clear that a district court, in the exercise of its discretion, may decline to award costs to a prevailing party where that is the appropriate result. In this case, however, that is not the appropriate result. For the same reasons which have been stated for rejecting defendants' § 1332(b) argument, the court rejects defendants' argument that plaintiff should be denied costs based on the limited success plaintiff achieved in this action.

(3) Defendants argue that no costs should be taxed against BPI because the second jury awarded plaintiff zero dollars against BPI.[2] Defendants contend that under Oklahoma law, an element which must be proven in a trade secret misappropriation case is that the misappropriation caused plaintiff actual loss or caused defendant to be unjustly enriched.[3] Defendants argue that because no

---

[2] *See*, verdict form, doc. no. 781.

[3] The court makes no ruling on this question of Oklahoma law but notes the law may not be as clear as defendants suggest. Defendants cite 78 O.S. 2011 §88(A). Section 88 authorizes

3

damages were awarded against BPI by the second jury, BPI was a prevailing party on the trade secret misappropriation claim.

This argument, if credited by the court (which it is not), would undercut the first jury's verdict in favor of plaintiff and against BPI on the misappropriation of trade secrets claim,[4] a result not permitted under the Seventh Amendment. This is because, on a partial retrial, the second jury must accept all of the first jury's undisturbed findings; otherwise, the second trial would violate the reexamination clause of the Seventh Amendment to the United States Constitution. *See generally*, Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494 (1931) ("Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.")

Judge Miles-LaGrange's order of April 21, 2014, makes clear that the jury's verdict against BPI on the misappropriation of trade secrets claim stands undisturbed. As the judge stated in that order, the earlier judgment was vacated "as to damages only." Doc. no. 540, p. 5. "The portion of the [earlier] Judgment whereby the Court orders that judgment should be entered in favor of plaintiffs and

---

damages but does not state that damages must be proven to prevail on a misappropriation of trade secrets claim. Defendants cite a negligence case and an Oklahoma Consumer Protection Act case, both of which are distinguishable in ways which could potentially matter. Defendants also rely on OUJI No. 29.1. That instruction provides that "in order to recover on the claim for misappropriation of trade secrets," (emphasis added), plaintiff must prove that "(3) The misappropriation of the trade secrets was the direct cause of damages to Plaintiff." The comment to OUJI NO. 29.1 cites Micro Consulting, Inc. v. Zubeldia, 813 F. Supp. 1514, 1534 (W.D. Okla. 1992) (superseded by statute on other grounds), which, in turn, cites Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc., 584 F.2d 946, 951 (10th Cir. 1978). Black describes the third element as requiring proof that "(3) defendants used the trade secret without authorization from plaintiff." 584 F.2d at 951 (emphasis added).

[4] *See*, verdict form, doc. no. 464, p. 3 of 8. The relevant jury instruction used at the first trial stated that to prevail, plaintiff must establish, by the greater weight of the evidence,"(3) Disclosure or use of the trade secret to plaintiff's detriment." Doc. no. 463, p. 19 of 44.

against defendants David Mills, Landon Speed, Jim Ashford, Baker Petroleum and Investments, Inc., Todd Baker, and Mayhem Oil & Gas, Inc. is not vacated." *Id.*, p. 5, n.3.

Moreover, according to defendants' version of events, they argued to Judge Miles-LaGrange that a partial new trial was inappropriate because the issues of damages and liability were inseparable; they lost that argument but did not appeal Judge Miles-LaGrange's ruling. As they state in their brief, the judge "overruled Defendants' motion asserting that a partial new trial was inappropriate on that basis." Doc. no. 897, p. 8 of 10. "Defendants do not dispute that, as a matter of sound legal strategy, they declined to appeal Judge Miles-LaGrange's decision at the conclusion of the second trial." *Id.*

For all of these reasons, the court rejects defendants' arguments that are based on the zero damages award in the second trial.

(4) BPI argues that if costs are taxed at all in this case, then costs should be taxed in favor of BPI. For the reasons stated above, the second jury's verdict does not make BPI a prevailing party. BPI further argues that whether or not the court determines it is a prevailing party, BPI should be awarded its costs. For reasons already discussed, there is no basis in law or fact upon which to award BPI its costs in this action, and even if the court were permitted to do so it would not.

## 2. Plaintiff's Motion

Plaintiff's motion mainly consists of arguments intended to persuade the court to reject defendants' arguments for retaxing costs. Defendants' arguments have been rejected, and there is no need to further address them.

Plaintiff also asks the court to confirm the clerk's findings and to award plaintiff its costs, as itemized by the court clerk, in the total amount of $22,537.64. Having rejected defendants' arguments, and with there being no dispute over the

propriety of the clerk's itemization of costs in the event costs are allowed to the plaintiff, the clerk's rulings on plaintiff's bill of costs will be confirmed.

Conclusion

After careful consideration, the clerk's orders on costs are **AFFIRMED**. Defendants' motion to retax costs is **DENIED**, and plaintiff's motion to confirm the clerk's taxation of costs in plaintiff's favor is **GRANTED**. As determined by the clerk, plaintiff is **AWARDED** taxable costs in the amount of $22,537.64. This award may be reduced to judgment on motion if not timely paid or superseded.

Dated November 7, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-0649p009.docx